

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TIMOTHY J. DESHAZER,
   Plaintiff,

vs.                                                              No. 08-1277

FEDERAL JUDGES, et. al,
   Defendants

## MERIT REVIEW AND CASE MANAGEMENT ORDER

     This cause is before the court for a merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, a federal prisoner, says he is filing this lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against "the Federal Judge(s) at the U.S. Court of Appeals, 10th Circuit who are deciding appeal #07-8023." (Comp., p. 1). The plaintiff was apparently found guilty of a federal offense, and is concerned about the appeal of his conviction.

     The plaintiff says his court appointed appellate defender has filed a brief on his behalf without his consent or full knowledge and oral arguments were already held. The plaintiff says the brief has been forced on him and he does not fully support it. (Comp., p. 7.1) The plaintiff also says the Appellate Court is limiting the issues that he can appeal from his criminal conviction by denying his motion for a new Appellate Defender. The plaintiff says the Appellate Court is about to make an uniformed decision that could impact any future appeal and therefore he requests that this court "act expeditiously and effectively to stop the ongoing appeals process for appeal #07-8023." (Comp, p. 7).

     First, judges are shielded from civil liability for their judicial actions, unless they have acted in "clear absence of jurisdiction." *Stump v. Sparkman*, 435 U.S. 9, 10 (1991); *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000). Judicial immunity applies, even when the action is alleged to have been in error, procedurally flawed, or with bad motive. *Id.* See also, *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990)(allegations of conspiracy insufficient to overcome judicial immunity); *Eades v. Sterlinske*, 810 F.2d 723, 725-26 (7th cir. 1987) (immunity applies even when alleged act was malicious or corrupt).

     Second, this court has no jurisdiction over the plaintiff's appeal. The plaintiff must file any motions or objections concerning his appeal with the court that is considering his appeal. The plaintiff has failed to state a claim upon which relief can be granted and this complaint must be dismissed .

**IT IS THEREFORE ORDERED:**

1)   The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are dismissed as moot. [d/e 2] This case is closed, with the parties to bear their own costs.

2)   This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3)   The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)   The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)   The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)   If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this_12th day of November, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE